UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 23-CR-427 |
| DANIEL EDWIN WILSON, | |
| Defendant. | |

**UNITED STATES' RESPONSE TO COURT'S MINUTE ORDER DATED FEBRUARY 3, 2025**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's order dated February 3, 2025. Wilson originally had two criminal cases in two different jurisdictions: one indictment in the Western District of Kentucky relating to his unlawful possession of firearms as a prohibited possessor, and one in the District of Columbia related to his activities at the U.S. Capitol on January 6, 2021. Wilson was indicted by a on January 18, 2023 in the Western District of Kentucky on 18 U.S.C. § 922(g)(1), 18 U.S.C. §§ 924(a)(2) & (d), 26 U.S.C. § 5841, 26 U.S.C. § 5861(d), 26 U.S.C. § 5871, 26 U.S.C. § 5872, and 28 U.S.C. § 2461, arising from his possession of firearms on or about June 3, 2022 (ECF 59). Wilson was originally charged in the District of Columbia by complaint on May 17, 2023, with 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1752(a)(1) & (a)(2), and 40 U.S.C. § 5104 (e)(2)(D) and (e)(2)(G). On December 6, 2023, he was indicted by the District of Columbia on those same charges. On April 17, 2024, he and his co-defendant in the January 6 case – David Kuntz – were indicted in a superseding indictment which charged Wilson with 18 U.S.C. § 1512(k) in addition to the previous charges.

On May 17, 2024, jurisdiction on the Kentucky case was transferred to the District of Columbia pursuant to Rule 20 and Wilson pled guilty to 18 U.S.C. § 372 in 23-CR-427 and 18

1

U.S.C. § 922(g) & 924(a)(2) (possession of a firearm by a prohibited person) and 18 U.S.C. § 5841, 5861(d), and 5871 (possession of an unregistered firearm) in 24-CR-238. (ECF 56). He was sentenced concurrently on both cases to sixty months' imprisonment, and was remanded immediately on August 28, 2024.

On January 20, 2025, an Executive Order issued Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021. Wilson was erroneously released from the custody of the Bureau of Prisons on or about that date. Wilson was ordered to return to the custody of the Bureau of Prisons. Defense counsel filed a motion to stay his return, which the government did not oppose.

The government has reviewed the Certificate of Pardon, which was provided to the defendant by the Office of the Pardon Attorney on or about January 29, 2025. The Certificate makes clear that the pardon only applies to "convictions for offenses related to events that occurred at or near the United States Capitol on January 6, 2021." The convictions for 18 U.S.C. § 922(g) & 924(a)(2) (possession of a firearm by a prohibited person) and 18 U.S.C. § 5841, 5861(d), and 5871 (possession of an unregistered firearm) in 24-CR-238 did not occur at the United States Capitol on January 6, 2021, and thus, by the plain language of the certificate, the pardon does not extend to these convictions.

The defendant should be returned to the custody of the Bureau of Prisons.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

_____/S/_____
JENNIFER LEIGH BLACKWELL
Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, NW
Washington, D.C. 20530
Jennifer.blackwell3@usdoj.gov
(202) 252-7068