UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL EDWIN WILSON,<br><br>    Defendant. | Case No. 23-CR-427 |

### RESPONSE TO COURT'S MINUTE ORDER REGARDING INTERPRETATION OF THE PRESIDENTIAL PARDON

During the February 26, 2025, hearing on the matter of the defendant's motion under 28 U.S.C. § 2255, which the government did not oppose, the Court inquired about the interpretation of the pardon issued by President Trump for "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021[.]" Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021 *available at* https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. As stated during the hearing, it is the Executive Branch's position that the pardon covers the defendant's conviction in this case.

This is not the only case in which the Department of Justice has taken the position that President Trump's pardon applies to offenses that were charged as a result of search warrants conducted as part of the January 6, 2021, investigation, for which the government did not have pre-existing evidence related to similar offenses. The government noted examples of other such cases in its February 25, 2025 filing. *See* ECF 108.

The Department's interpretation of the scope of President Trump's pardon should be accorded deference. Through the Office of the Pardon Attorney, the Department of Justice administers the President's pardon power. *See Andrews v. Warden*, 958 F.3d 1072, 1078 (11th Cir. 2020). "The Supreme Court has ruled that deference should be accorded to an executive agency's interpretation of an executive order it is charged with administering." *Id.* (citing *Udall v. Tallman*, 380 U.S. 1, 4, 16-18 (1965)). If the agency's interpretation is not unreasonable, and "the language of the order[ ] bears [its] construction," courts must "respect" it. *Udall*, 380 U.S. at 4, 18. The Supreme Court has further noted that "pardon and commutation decisions have not traditionally been the business of courts . . . [and] are rarely, if ever, appropriate subjects for judicial review." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 276 (1998) (internal quotation marks and citations omitted); *see United States v. Libby*, 495 F. Supp. 2d 49, 56 (D.D.C. 2007) (Walton, J.) (citing same). Although the analysis of a pardon begins with the

plain language of the pardon, a "full pardon" must be read in context with other indicia of Presidential intent. *See Robertson v. Gibson*, 759 F.3d 1351, 1357-58 (Fed. Cir. 2014) ("Accordingly, we cannot read the pardon in a vacuum, as [the defendant] suggests. We must also look to the nature and purpose of the pardon, namely, President Ford's clemency program." (citation omitted)).

The language of the Executive Order at issue here stated that a pardon was granted to "individuals convicted of offenses *related to events* that occurred at or near the United States Capitol on January 6, 2021." Proclamation 10887, 90 Fed. Reg. 8331 (January 20, 2025) (emphasis added). In these circumstances, it is a reasonable interpretation of this language to include cases such as the defendant's, where the firearms that formed the basis of his convictions were found as a result of a search warrant for evidence of the defendant's conduct on January 6, 2021 (and for which he was not previously being investigated). As such, deference should be accorded to the Executive's reasonable interpretation of the pardon language, to include a pardon for the firearms convictions in these circumstances.

.

        Respectfully submitted,

        EDWARD ROBERT MARTIN, JR.
        United States Attorney
        D.C. Bar No. 481866

        _____/S/_____

        JENNIFER LEIGH BLACKWELL
        Assistant United States Attorney
        D.C. Bar No. 481097
        601 D Street, NW
        Washington, D.C. 20530
        Jennifer.blackwell3@usdoj.gov
        (202) 252-7068