# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 25-3041**  **September Term, 2024**

1:23-cr-00427-DLF-1

**Filed On:** April 2, 2025

United States of America,

    Appellee

    v.

Dan Edwin Wilson, also known as Daniel Edwin Wilson,

    Appellant

**BEFORE:**  Pillard, Katsas, and Rao*, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for release pending appeal, and the notice of supplemental authority, it is

**ORDERED** that the motion be denied. Dan Edwin Wilson appeals the district court's denial of his motion to vacate his firearms sentences pursuant to 28 U.S.C. § 2255.

Wilson, a three-time convicted felon, was charged with multiple offenses related to his conduct at the United States Capitol on January 6, 2021. As Wilson prepared to plead guilty, two separate charges originating in the Western District of Kentucky in 2022 – possession of an unregistered firearm, 26 U.S.C. §§ 5841, 5861(d), & 5871, and felon-in-possession, 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Kentucky firearm offenses) – were transferred to this district so they, too, could be resolved. On May 17, 2024, Wilson pleaded guilty to conspiracy to impede or injure federal law enforcement officers on January 6, in violation of 18 U.S.C. § 372, and to illegally possessing six firearms (including two military-style rifles without serial numbers) and 4,800 rounds of ammunition in Kentucky on June 3, 2022.

---

\*  A statement by Circuit Judge Rao, dissenting from this order, is attached.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 25-3041**                        **September Term, 2024**

The district court accepted the guilty pleas and sentenced Wilson to three concurrent terms of 60 months' imprisonment – one for the January 6 offense, and two for the firearms offenses. The President on January 20, 2025, issued "a full, complete and unconditional pardon to … individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). The government on February 6, 2025, took the position that the plain language of the pardon does not apply to the Kentucky firearms offenses; Wilson had been erroneously released from custody following the pardon despite having yet to complete the sentences for the firearms offenses, so the government moved to return him to custody.

Wilson moved to vacate the sentences for the firearms offenses on the ground that they are encompassed in the pardon. The government on February 25, 2025, changed its position and asserted for the first time in this case that the pardon covered the Kentucky firearms offenses. The district court denied Wilson's motion, Mem. Op., United States v. Wilson, No. 23-cr-427 (D.D.C. Mar. 13, 2025), and Wilson appeals.

Release requests in section 2255 proceedings will "ordinarily be measured against a heightened standard requiring a showing of exceptional circumstances;" the "substantial question of law or fact" standard in 18 U.S.C. § 3143(b) does not apply where the case is not on direct appeal. United States v. Kelly, 790 F.2d 130, 139 (D.C. Cir. 1986) (quoting Baker v. Sard, 420 F.2d 1342, 1343 (D.C. Cir. 1969)). Wilson, proceeding under 28 U.S.C. § 2255, needs to show "exceptional circumstances" warranting his release pending appeal. Id. We have held that "likelihood of success" is "a forceful special circumstance." Baker, 420 F.2d at 1343-44; see also United States v. Stanfield, No. 03-3104, 2003 WL 22143234, at *1 (D.C. Cir. Sept. 9, 2003) (noting that "appellant has not established exceptional circumstances, including a likelihood of success on the merits, warranting release pending appeal."); United States v. Gantt, 55 F. App'x 574, at *1 (D.C. Cir. Feb. 11, 2003) (same).

For the reasons given in the thorough opinion of the district court, Wilson has not established a likelihood of success on the merits warranting release pending appeal. See Mem. Op., United States v. Wilson, No. 23-cr-427 (D.D.C. Mar. 13, 2025). The Presidential Pardon states that it applies to "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." 90 Fed. Reg. at 8331. That language plainly applies to related offenses – not, as here, to an offense that is only connected to January 6 by the happenstance that it was uncovered during investigation of the unrelated January 6 offenses. As the district court

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-3041**                   **September Term, 2024**

concluded, "for an offense to fall within its scope, it must be tethered to a specific time – January 6, 2021 – and place – at or near the U.S. Capitol." Wilson, No. 23-cr 427 at 8.

     Judge Rao suggests that certificates of pardon are likely unreviewable, but our decision hinges on the text of the pardon itself, which is mirrored in Wilson's certificate. We do not here presume to review the validity of the pardon, only its proper scope. Moreover, her citation to Andrews v. Warden, 958 F.3d 1072, 1078 (11th Cir. 2020), supports our adherence to the pardon's clear text. The pardon does not cover offenses wholly independent of events at the Capitol on January 6, even if uncovered during investigation of January 6 offenses. What matters is the relationship between the offenses. Wilson's Kentucky firearm offenses are not "offenses related to events that occurred" at the Capitol on January 6. They occurred at a different time and place, and the elements of these offenses – possession of an unlicensed firearm and the possession of firearms by a prohibited person – bear no relationship to conduct that occurred at the Capitol on January 6. Thus, by the plain terms of the Pardon, they are not covered. See Wilson, No. 23-cr 427 at 8-11.

     The Clerk is directed to transmit a copy of this order to the district court.

**Per Curiam**

                                           **FOR THE COURT:**
                                           Clifton B. Cislak, Clerk

                            BY:     /s/
                                           Selena R. Gancasz
                                           Deputy Clerk

R<small>AO</small>, *Circuit Judge*, dissenting: Daniel Wilson pled guilty to one count of conspiracy to impede or injure an officer on January 6, 2021, and two counts of unlawful possession of firearms. He was sentenced to sixty months for each offense to run concurrently. The firearms were discovered pursuant to a search warrant issued in connection with his actions on January 6. On January 20, 2025, President Trump issued "a full, complete and unconditional pardon to ... individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331, 8331 (Jan. 29, 2025). Wilson and the Department of Justice now agree the pardon reaches Wilson's firearm offenses, but the district court denied his motion to vacate those convictions under 28 U.S.C. § 2255. Wilson has filed an unopposed motion for release pending appeal of that order. I would grant his motion.

Release pending appeal is generally governed by 18 U.S.C. § 3143(b), which requires a movant to show that (1) "the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; (2) "the appeal is not for the purpose of delay"; and (3) the movant "raises a substantial question of law or fact likely to result in … reversal" of his convictions. Wilson easily satisfies the first two prongs. There is no dispute that Wilson "is not likely to flee," as Wilson remained at liberty during the entire underlying criminal case and has been released for more than two months since President Trump issued his pardon, all without incident. Nor is there any claim that his appeal is "for the purpose of delay."

The majority denies Wilson's motion because he has not established exceptional circumstances, which include a likelihood of success on the merits. I disagree. First, it is not

2

clear that this is the correct standard to apply to his motion.[1] Even assuming, however, that this is the proper standard, Wilson's appeal presents exceptional circumstances. He raises a novel question implicating the scope of the pardon power, which is vested exclusively in the President. *See Trump v. United States*, 144 S. Ct. 2312, 2328 (2024); *see also United States v. Klein*, 80 U.S. (13 Wall.) 128, 147 (1872). The circumstances of this pardon also raise novel questions about the extent of the Executive's power to administer and apply a blanket pardon to particular individuals.

President Trump issued a blanket pardon but specifically tasked the Attorney General with "administer[ing] and effectuat[ing]" the pardon by issuing certificates of pardon to the relevant individuals. 90 Fed. Reg. at 8331. The Attorney General is therefore delegated the authority to implement the President's pardon. When exercising this authority and issuing individual certificates, the Attorney General could list the specific offenses subject to the pardon. Such an official act of administering and effectuating the President's pardons would likely be unreviewable. *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 276 (1998) ("[P]ardon and commutation decisions have not traditionally been the business

---

[1] We have previously stated, arguably in dicta, that section 3143 does not apply to release requests under section 2255 and that a motion must instead "be measured against a heightened standard requiring a showing of exceptional circumstances." *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986) (cleaned up). This appears to require consideration of, among other things, "the likelihood of success on appeal" and "the threat of flight from the jurisdiction." *Baker v. Sard*, 420 F.2d 1342, 1343–44 (D.C. Cir. 1969). Whatever daylight exists between this test and section 3143 is immaterial here because Wilson satisfies both standards.

3

of courts; as such, they are rarely, if ever, appropriate subjects for judicial review.") (cleaned up).

Wilson's certificate merely repeats the language of the blanket pardon and does not specifically list his firearm convictions. But nothing seems to preclude a new certificate from being issued that clarifies the scope of Wilson's pardon.[2] Because it is unlikely that the issuance of a certificate of pardon is judicially reviewable, there is at least a "substantial question" whether we should defer to the Department of Justice when it claims the certificate it has issued applies to Wilson's firearms convictions. *See Andrews v. Warden*, 958 F.3d 1072, 1078 (11th Cir. 2020) (explaining that while the text of a pardon controls, a "more generous interpretation" by the executive "is entitled to deference" when reasonable). The majority relies on the district court's reasoning but does not address the important questions regarding the Attorney General's authority, delegated from the President, to administer these pardons.

Wilson has met the standards for release pending appeal. I therefore respectfully dissent.

---

[2] The district court withheld deference from the Department of Justice in part because the President has not clarified the scope of the pardon or issued any subsequent declaration. Mem. Op., *United States v. Wilson*, No. 23-cr-427, at 16–18 (D.D.C. Mar. 13, 2025). The President's proclamation, however, delegates the administration and effectuation of the pardon to the Attorney General, and so consideration of the Executive Branch's interpretation of the pardon does not necessarily require additional presidential directives or clarification.